B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS** 2012 JUL 19 P 3:35
Henry, Njaepi
JOHN W.L. CRAIG II, CLK
U.S. BANKRUPTCY COURT

**DEFENDANTS** Wells Fargo, Nelnet, American Education Svcs, Direct Loans, Devry, Grand Canyon

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor  ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determination of Dischargeability of Student Loans

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Henry, Nigeri K | | BANKRUPTCY CASE NO.<br>12-71257 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Virginia | | DIVISION OFFICE<br>Roanoke | | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF | | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>Nigeri K Henry |||||
| DATE<br>July 19, 2012 | | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Nigeri K Henry ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Official Form 16D
(12/04)

# United States Bankruptcy Court
### Western District Of Virginia

RECEIVED AND FILED
ROANOKE VIRGINIA

2012 JUL 19 P 3: 35

JOHN W.L. CRAIG II, CLK
U.S. BANKRUPTCY COURT
BY
DEPUTY CLERK

| | |
|---|---|
| In re _Henry, Nijaeri K, Brinkley, Kimberly, Thornhill,_<br>_Debtor_ | ) Case No. 12-71257<br>)<br>)<br>) Chapter 7 |
| _Henry, Nijaeri K, Brinkley, Kimberly, Thornhill,_<br>_Plaintiff_ | )<br>)<br>)<br>)<br>)<br>) |
| Nelnet, Direct Loans, American Educational Services<br>Grand Canyon University, DeVry, Wells Fargo,<br>_Defendant_ | )<br>) Adv. Proc. No._____ |

1. **COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT**

   Nijaeri K Henry (Plaintiff) for her complaint against (Defendants) alleges as follows:
   1. This is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. § 157(b)
   2. Plaintiff if the Debtor in this Chapter 7 case filed on July 5, 2012. The Defendants are creditors of the Plaintiff.

2. **NATURE OF THE CASE**

   1. This complaint seeks to discharge student loan debts due to the hardship that repayment will place on the defendant and her dependent. In 2003, the defendant developed Paranoid Schizophrenia and suffered a significant loss of financial stability. To date the defendant has been unable to regain and re-establish financial stability and independence. The Dependent Kennan Brinkley was placed temporarily in his paternal grandparent's guardianship during the onset of illness. Temporary guardianship was rescinded and the defendant was granted full custody in December of 2010 but due to the inability to maintain similar work and household objectives (pre-condition) the Defendant voluntarily placed the dependent in the guardianship of the paternal grandparents again in November of 2011. The

Official Form 16D
(12/04)

defendant is expected to and seeks currently and in the future to assist with the Dependents care. The Defendant herself is also not financially independent. In addition, it is necessary for the Defendant who has been unable to perform work roles similar to those performed before her illness for an extended period to seek new avenues of income and work which are probable to require significant time. To date, the debtor has been unable since 2003 to acquire previous income levels and employment and has deferred payment of student loans several times and incurred more student debt in an effort to maintain good loan standing as well as enhance her professionalism.

### 3. RELIEF REQUEST

1. WHEREFORE, Plaintiff respectfully request that this Court enter an Order providing the following relief against Defendants:

   a. That the total amount of student loan debt $70.000.00 dischargeable under 11 U.S.C. § 523(a)(8) be discharged and judgment be entered in favor of the Plaintiff and against the defendants in the amount of $70,000.00.